UNITED STATES of America

v.

Matthew Alexander PORTER, Jr., Defendant.

No. 4:CR–97–0042.

United States District Court, M.D. Pennsylvania.

July 28, 1997.

Frederick E. Martin, Asst. U.S. Atty., Williamsport, PA, for U.S.

D. Toni Byrd, Asst. Federal Public Defender, Williamsport, PA, for Matthew Alexander Porter, Jr.

## *ORDER*

McCLURE, District Judge.

### *BACKGROUND:*

On February 19, 1997, a grand jury sitting in the Middle District of Pennsylvania returned an indictment charging defendant Matthew Porter Alexander, Jr., with: engaging in misleading conduct toward other persons with intent to influence the testimony of other persons in an official proceeding, in violation of 18 U.S.C. § 1512(b)(1) (Count One); arson affecting interstate commerce, in violation of 18 U.S.C. § 844(i) (Count Two); use of fire to commit a federal felony, in violation of 18 U.S.C. § 844(h)(1) (Count Three); interstate transportation in aid of arson, in violation of 18 U.S.C. § 1952(a)(3) (Count Four); wire fraud, in violation of 18 U.S.C. § 1343 (Counts Five, Six); and mail fraud, in violation of 18 U.S.C. § 1341 (Count Seven through Eleven, inclusive). Jury selection currently is scheduled for November

3, 1997, with trial to begin as soon thereafter as feasible.

Before the court is a motion by Porter to dismiss Count One of the indictment.

## DISCUSSION:

Count One of the indictment states:

Beginning on or about October 24, 1994, and continuing through November 21, 1994, in Juniata and Northumberland Counties, Commonwealth of Pennsylvania, in the Middle District of Pennsylvania, and within the jurisdiction of this Court, the Defendant,

### MATTHEW ALEXANDER PORTER, Jr.

did unlawfully and knowingly engage in misleading conduct toward other persons with intent to influence the testimony of other persons in an official proceeding by preparing and mailing to various law enforcement officials who were located in the Middle District of Pennsylvania a total of five (5) unsigned letters *inter alia* which contained threats of violence, including arson, against African Americans who resided in the Middle District of Pennsylvania and which purportedly were prepared by "KKK" white supremacists as well as by placing identical copies of said letters at the scene of a fire in Milton, Pennsylvania, where they likely would be secured by law enforcement officials and other persons in an effort to mislead those law enforcement officials as well as other persons into wrongly suspecting that those biased individuals and groups were responsible for the arson against the property of an African American family residing in Milton, Pennsylvania which later in fact occurred.

All in violation of Title 18, United States Code, Section 1512(b)(1).

Indictment at 1–2.

The relevant statutory provision reads:

Whoever knowingly . . . engages in misleading conduct toward another person, with intent to—

(1) influence, delay, or prevent the testimony of any person in an official proceeding; . . .

18 U.S.C. § 1512(b)(1). "Misleading conduct," in turn, is defined as:

(A) knowingly making a false statement;

(B) intentionally omitting information from a statement and thereby causing a portion of such statement to be misleading, or intentionally concealing a material fact, and thereby creating a false impression by such statement;

(C) with intent to mislead, knowingly submitting or inviting reliance on a writing or recording that is false, forged, altered, or otherwise lacking in authenticity;

(D) with intent to mislead, knowingly submitting or inviting reliance on a sample, specimen, map, photograph, boundary mark, or other object that is misleading in a material respect; or

(E) knowingly using a trick, scheme, or device with intent to mislead;

. . .

18 U.S.C. § 1515(a)(3).

Finally, "official proceeding" includes "a proceeding before a judge or court of the United States, a United States magistrate, . . . or a Federal grand jury; . . ." 18 U.S.C. § 1515(a)(1)(A).

Porter moves to dismiss Count One because § 1512(b)(1) is void for vagueness under the Fifth Amendment. The genesis of the notion that the provision is void lies in *United States v. Stansfield,* 101 F.3d 909 (3d Cir.1996), in which the Third Circuit attempted to resolve an apparent conflict in the language of § 1512(a)(1)(C) and § 1512(f). Section 1512(a)(1)(C) prohibits the killing or attempting to kill another person with the intent to prevent the communication by any person to a law enforcement officer or judge of the United States of information relating to, *inter alia,* the commission or possible commission of a federal offense. A "law enforcement officer" is defined as a federal officer or employee. 18 U.S.C. § 1515(a)(4). However, another part of the statute provides that the government need not prove a state of mind with respect to the federal status of the judge or law enforcement officer. Section 1512(f)(2).

The Third Circuit held that there need not be an intent to prevent communication with a

particular federal law enforcement officer nor an agent involved in a federal investigation. In fact, there need not be an ongoing federal investigation. *Stansfield* at 918. However, there must be an intent to prevent communication with federal authorities, and not just law enforcement generally. *Id.* The Third Circuit stated:

> [W]e hold that, in order to obtain a conviction pursuant to § 1512(a)(1)(C), the government must prove: (1) the defendant killed or attempted to kill a person; (2) the defendant was motivated by a desire to prevent the communication between any person and law enforcement authorities concerning the commission or possible commission of an offense; (3) that offense was actually a federal offense; and (4) the defendant believed that the person in (2) above might communicate with the federal authorities. This last element may be inferred by the jury from the fact that the offense was federal in nature, plus additional appropriate evidence. For example, it is sufficient (but not necessary) that the government prove that the defendant had actual knowledge of the federal nature of the offense in order for the jury to infer the last element.

*Id.* (emphasis in original; footnote omitted).

In a subsequent opinion, the Third Circuit was presented with the question of whether the defendant must know or believe that the authorities with whom the victim would communicate are federal officers. The Third Circuit concluded:

> In view of the statute's clear command that the government need not prove any "state of mind" on the part of the defendant with respect to the federal character of the proceeding or officer, 18 U.S.C. § 1512(f), we do not read [element (4) ] as requiring proof that the defendant believed the victim might communicate with law enforcement officers *whom the defendant knew or believed to be federal officers.* Rather, we read this sentence as recognizing that what the statute mandates is proof that the officers with whom the defendant believed the victim might communicate *would in fact be federal officers.*

*United States v. Bell,* 113 F.3d 1345, 1349 (3d Cir.1997) (emphasis in original; footnote omitted).

According to Porter, these opinions are hopelessly in conflict, a reasonable person could not discern what conduct is prohibited under § 1512, and the statute is unconstitutionally vague, thereby requiring dismissal of Count One of the indictment. We disagree.

■ The last element recited in *Stansfield* is that the defendant must believe that the person whose communication the defendant seeks to prevent will communicate with federal authorities. In *Bell,* this element is simply clarified, in that the Third Circuit held that the defendant need not know that the witness is about to communicate with a particular federal officer or even generally with investigating federal officers (since a federal investigation need not be underway at the time of the killing or attempted killing, *Stansfield* at 918). Instead, the purpose of the killing must be to prevent communication with any law enforcement officer when the communication relates to the commission or possible commission of a federal offense and the law enforcement officer is actually a federal officer.

> This framework is an appropriate reconciliation between the constraint that the government must prove the defendant's specific intent to hinder a *federal* investigation and the fact that, by virtue of § 1512(f), it need not prove that the defendant knew the federal status of any particular law enforcement officer involved in an investigation. *Cf. United States v. Gonzalez,* 922 F.2d 1044, 1054 (2d Cir.), *cert. denied,* 502 U.S. 1014, 112 S.Ct. 660, 116 L.Ed.2d 751 (1991); *United States v. Scaife,* 749 F.2d 338, 348 (6th Cir.1984).

*Stansfield* at 919 (emphasis in original; parallel citations omitted).

In *Stansfield,* for example, the underlying offenses were federal (mail fraud, use of fire) and there was evidence that the defendant knew both that an investigation was underway and that the victim had provided information to state authorities. Actually, a federal investigation was underway, although the defendant may not have been aware of it. Thus, any further communications with in-

vestigators might have been with federal officers. If the jury found that the defendant was acting to prevent any further communication, the jury could reasonably conclude that he was acting to prevent communication with federal authorities. *Id.*

Similarly, in *Bell,* the defendant knew that the victim was an informant for the Tri–County Drug Task Force, which included local, state and federal investigators. The victim was killed before she gave testimony at a trial for offenses investigated by the Task Force, so that it was reasonable for a jury to infer continued cooperation and that the killing was done at least in part to prevent further communications (regardless of the fact that the imminent trial was a state proceeding). Since the defendant was heavily involved in drug trafficking, a federal crime, and federal officers were part of the Task Force, it also was reasonable to infer that at least some of the communications would have been with federal officers (regardless of whether the defendant knew of the joint state-federal nature of the Task Force). *Bell* at 1350.

This reading is consistent as well with the Third Circuit's summary of the two opinions:

> Accordingly, we believe that the law of this circuit after *Stansfield* is that the government must prove that at least one of the law-enforcement-officer communications which the defendant sought to prevent would have been with a federal officer, but that the government is not obligated to prove that the defendant knew or intended anything with respect to this federal involvement. As *Stansfield* explained, the government may carry this burden by showing that the conduct which the defendant believed would be discussed in these communications constitutes a federal offense, so long as the government also presents "additional appropriate evidence." *Id.* at 918.

*Bell* at 1349.

■ In this case, Porter is charged under a separate portion of the statute, that proscribing misleading conduct toward another person with the intent to influence, delay or prevent the testimony of another person in an official proceeding. There is no require-

ment of communication with a federal law enforcement officer or that the testimony involve a federal offense (although both circumstances are present). The analysis necessary relative to this provision involves only a determination of whether the requirement that the defendant intend to affect the testimony of a witness in a federal proceeding is hopelessly in conflict with the language to the effect that the government need not prove a state of mind with respect to the circumstance that the proceeding is federal in nature. Read in conjunction with the interpretation of § 1512(a)(1)(C) provided in *Stansfield* and *Bell,* § 1512(b)(1) is not so vague as to be unconstitutional.

The indictment charges Porter with sending five unsigned letters which were false in that they purported to be threats against black families and mailed by the white supremacists, and the same type of letters were left at the scene of the fire at the Porter residence. The letters are alleged to have been sent to mislead investigators probing the arson. The question would be whether Porter must be proven to have known that the investigators were people who would testify in a federal proceeding, and not a state proceeding or simply proceedings generally. Analogous to the principle recited in *Stansfield* and *Bell,* the government need not prove that the defendant knew or believed that the proceeding was federal in nature, § 1512(f)(1), but must prove that the proceeding actually was or would be (the proceeding need not have commenced or be pending at the time the offense is committed, § 1512(e)(1)) federal in nature. The evidence in this case upon which the government apparently intends to rely includes the fact that the letters were sent to federal law enforcement officers, the nature of the letters (involving purported hate crimes), and the federal criminal violations otherwise alleged, i.e. the burning of a building used in interstate commerce, interstate transportation in aid of arson, etc.

■ We conclude from the foregoing that (1) the statute in question is not unconstitutionally vague and (2) even if it were, the statute clearly applies to the alleged conduct,

so that Porter may not challenge the statute "as applied." *See United States v. Conneaut Industries, Inc.,* 852 F.Supp. 116, 126 (D.R.I. 1994).[1]

**NOW, THEREFORE, IT IS ORDERED THAT** Porter's motion (record document no. 31) to dismiss Count One of the indictment is denied.

**1.** In *United States v. Frankhauser,* 80 F.3d 641, 652 (1st Cir.1996), the First Circuit declined to adopt the reasoning of *Conneaut Industries* as to the intent element of § 1512. *Conneaut Industries* is cited for its separate recitation of the void-for-vagueness doctrine. We do not address the opinion of the First Circuit in *Frankhauser* as to § 1512 in light of the opinions of our own Court of Appeals in *Stansfield* and *Bell* which, of course, control.